IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES, <br>     Respondent, <br><br> vs. <br><br> WILLIAM WINTERS, <br>     Petitioner. | * <br> * <br> *    CASE NO. 4:04-CR-41 CDL <br> *    Motion To Modify Sentence <br> *    Pursuant To 18 U.S.C. §3582(c)(2) <br> * <br> * |

## REPORT AND RECOMMENDATION

Petitioner Winters was charged by Indictment returned in this court on October 26, 2004, with Possession of Cocaine With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Count I, and with Use of a Firearm During A Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(a)(ii) in Count II. (R-1). On February 17, 2005, Petitioner Winters entered into a Plea Agreement with the Government and pleaded guilty to said Counts. (R-15, 16). Subsequent to the preparation and report of a Pre-Sentence Investigation (PSI), Petitioner was sentenced on June 22, 2005, to a term of imprisonment of 6 months on Count I and 60 months consecutive on Count II, for a total term of imprisonment of 84 months. (R-21).

On August 29, 2007, Petitioner Winters filed his Motion To Modify Term of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2), which provides:

> **Modification of an imposed term of imprisonment.** —
> The court may not modify a term of imprisonment once it has been imposed except that –
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

> pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner Winters demonstrates to this court by way of his apology for his criminal conduct and his several post-sentencing rehabilitative Certificates of Achievement from the Bureau of Prisons, his earnest appeal for a sentence reduction. However, Petitioner Winters does not suggest any amendment or change by the United States Sentencing Guideline Commission which would retroactively affect his sentence. He does suggest that he may be entitled to "retroactive legal gratuities under *Booker*,"[1] and that the court by "using the reasoning that the amendments in the Federal Sentencing Guidelines could perhaps apply to the petitioner in that they, the amendments, are 'clarifying' amendments that must be applied retroactively, even if they are not listed in (U.S.S.G.) § 1B1.10 of the Federal Sentencing Guidelines. *United States v. Anderton,* 136 F.3d 747, 751 (11th Cir. 1998)." (R-23 at 3, 4).

## Conclusions of Law

*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), does not provide a jurisdictional basis for the district court to consider a petitioner's post-sentencing rehabilitative efforts in a § 3582(c)(2) motion. "Further, *Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.

---

[1] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).

Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." *United States v. Moreno,* 421 F.3d 1217, 1220 (2005), *cert. denied,* — U.S. —, 126 S.Ct. 1643 (2006). Shortly after the *Booker* decision was rendered, Matthew Moreno made essentially the same motion and arguments made now by Petitioner Winter. The United States Court of Appeals for the Eleventh Circuit made its position clear in regard to § 3582(c)(2) application in *Moreno* and continues to hold that position. *See United States v. Fernandez,* 213 Fed. Appx. 857 (11th Cir. 2007); *United States v. Smith,* 221 Fed. Appx. 921 (11th Cir. 2007); *United States v. Crawford,* 2007 WL 1745876 (11th Cir. June 18, 2007).

The *Anderton*[2] case, cited by Petitioner Winter from the United States Court of Appeals for the Eleventh Circuit, involved an appropriate § 3582(c)(2) motion based upon the Guideline Sentencing Commission's amended commentary in interpreting U.S.S.G. § 2G2.2 at Commentary Note 1, effective November 1, 1996. *Anderton* has no application to any situation other than a Guideline Amendment by the Commission.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Modify his sentence be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of September 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *United States v. Anderton,* 136 F.3d 747, 751 (11th Cir. 1998).

3